1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9  Alexey Kovalev,                          )   No. CIV 07-1793-PHX-DGC (DKD)
                                            )
10            Petitioner,                   )
                                            )
11  vs.                                     )   **REPORT AND RECOMMENDATION**
                                            )
12  Alberto R. Gonzales,                    )
                                            )
13            Respondent.                   )
                                            )
14  _____)

15  TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

16          Alexey Kovalev filed a petition for writ of habeas corpus on September 26, 2007,

17  alleging that immigration officials are holding him in detention pending his removal to the

18  Slovak Republic or Russia, but that they have been unable to effect his removal. Kovalev

19  argues that he is entitled to release from custody because Respondent Alberto R. Gonzales[1]

20  has been unable to effect his removal within six months from the date of his final removal

21  order, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Government argues in its

22  response that Kovalev has not requested from the Department of Homeland Security, Bureau

23  of Immigration and Customs Enforcement (the Department) a review of his custody status,

24  and has therefore not exhausted his administrative remedies. In addition, the Government

25  argues that the Department has been "working diligently to obtain travel documents" for

26  Kovalev and there is no reason to believe that he will not be removed in the reasonably

27  _____

28          [1]Michael B. Mukasey is substituted for Alberto Gonzales as Respondent.

1  foreseeable future.  For the reasons stated below, the Court recommends that Kovalev's

2  petition be denied and dismissed with prejudice.

3                                    **BACKGROUND**

4      Kovalev is a native and citizen of Russia who entered the United States without

5  inspection on January 21, 2007 at or near Douglas, Arizona (Doc. #6, Exh 1).  The

6  Department issued a Notice to Appear, charging him with removability under section

7  212(a)(6)(A)(i) of the Immigration and Nationality Act, as an alien present in the United

8  States without being admitted or paroled, or who arrived in the United States at any time or

9  place other than as designated by the Attorney General (*Id*., Exh 2).  On February 1, 2007,

10 Kovalev admitted the factual allegations and the charge of removability; on February 15,

11 2007, he submitted an application for asylum and withholding of removal (*Id*., Exh 3).  On

12 March 23, 2007, the immigration judge denied Kovalev's application for asylum and relief

13 under the Convention Against Torture, and ordered him removed to Russia (*Id*., Exh 4).

14 Both parties waived appeal (*Id*.).

15     On June 6, 2007, Kovalev filed a motion to reopen, requesting that the immigration

16 judge designate the Slovak Republic as the country of removal, which the Department

17 opposed (*Id*., Exh 5, 6).  On June 19, the immigration judge denied the motion to reopen; on

18 June 20, the immigration judge superceded the June 19 order with an order reopening

19 immigration proceedings for the limited purpose of amending the March 23 final order of

20 removal to designate the Slovak Republic as the alternate country of removal (*Id*., Exh 7, 8).

21     On July 3, 2007, a deportation officer submitted a letter to the Slovak Consulate,

22 requesting emergency travel documents; on July 5, he submitted a letter to the Russian

23 Consulate, similarly requesting travel documents (*Id*., Exh 9-11).  He also requested

24 assistance in obtaining travel documents from the Department's Office of Field Operations

25 Headquarters (*Id*., Exh 12).  Because Kovalev had notified the Department that he had

26 previously been granted asylum and had resided in Austria, the Department requested of the

27 Austrian Consulate that Kovalev be allowed to enter that country as a deportee (*Id*., Exh 10

28                                    - 2 -

at 2).  On July 25, 2007, the Department sent a letter to INTERPOL, requesting indices checks on Kovalev; on July 26, Kovalev filled out a travel document application and was interviewed by a Russian Consular Officer (*Id*.).

On July 30, 2007, the Department notified Kovalev of its Decision to Continue Detention (*Id*., Exh 15).  The decision was based on his failure to provide any documentation to support his release and because of the Department's continued vigilance in obtaining travel documents for Kovalev (*Id*.).  In the decision, he was notified that jurisdiction of his custody would transfer to Headquarters Post Order Detention Unit after September 23, 2007, if he had not been released or removed by that date (*Id*.).  On July 31, the Austrian Consulate informed the Department that Kovalev's deportation to Austria was "not possible" because he "is not known and there is no record about this individual" (*Id*., Exh 17).  On September 6, the Slovak Consulate similarly informed the Department that a travel document could not be issued for Kovalev because he is not a citizen of the Slovak Republic (*Id*., Exh 18).

On September 10, at the request of the Russian Consulate, the Department submitted another travel document application, including biographical information about Kovalev and a copy of the immigration judge's removal order (*Id*., Exh 10 at 3).  On September 26, and on five different dates in October, the Department called the Russian Consulate in San Francisco, checking on the status of the travel documents (*Id*.).  On November 1, the Department sent electronic correspondence to the Russian consulate in Seattle, Washington, and by overnight courier to the Russian Embassy in Washington, D.C., requesting their assistance in obtaining travel documents for Kovalev (*Id*. at 4).  On November 6, the Russian Consulate contacted the Department and informed them that two requests were pending before the Russian Federation:  to verify Kovalev's citizenship, and whether he was wanted for any criminal activity in Russia (*Id*.).  The former request was made more complicated by Kovalev's inability to provide any proof of Russian citizenship.  The latter request is the result of Kovalev stating in his interview with the consular officer that he was being investigated by Russian authorities.  The Consular Officer indicated that he was "optimistic

- 3 -

there should be a resolution to the matter by late November 2007" unless the Russian authorities "determine that [Kovalev] has been less than truthful with information provided," in which case the process "could conceivably take longer" (*Id*.).

## EXHAUSTION

The Government first argues that Kovalev has failed to exhaust his administrative remedies by not requesting a review of his custody status by the Department's Headquarters Post Order Detention Unit prior to filing his habeas petition on September 26.  In this case Kovalev is not seeking review of a final order of removal; he is challenging his continued detention.  Therefore, the statutorily-mandated administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) does not apply.  However, administrative exhaustion may be "judicially imposed as a matter of prudence."  *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id*. (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

The Government cites 8 U.S.C. § 1231(a)(6), which gives the Attorney General authority to continue post order detention of criminal aliens beyond the statutory 90-day removal period, or to release such aliens on bond or subject to other conditions.  It contends, without any citation to federal regulations or binding judicial precedent, that Kovalev is required to formally request a change in custody status prior to filing his habeas petition. Kovalev's argument is that his detention is unlawful because the Department has been unable to obtain a travel document "after the six months period required by the Supreme Court" (Doc. #1 at 8).  The Government's argument is not that the petition is premature, but that it is not exhausted.  The Court is aware of no requirement that an alien detainee first seek administrative review prior to filing a *Zadvydas* claim.  In addition, considering the factors

- 4 -

enunciated in *Puga*, there is no administrative record that needs to be made, no administrative scheme that is bypassed by Kovalev's action, and no administrative review that is needed to allow the agency to correct its own mistakes.  The Court will not impose a requirement that Kovalev formally request review of his custody status prior to filing his habeas petition.

**MERITS DISCUSSION**

Following the expiration of the 90-day removal period, during which the Immigration and Nationality Act required that Kovalev be detained, *see* 8 U.S.C. § 1231(a)(2), the Department was authorized to detain him for a period reasonably necessary to accomplish his removal.  *Zadvydas*, 533 U.S. at 689.  The Court in *Zadvydas* set six months as a presumptively reasonable period of time to allow the Department to effectuate an alien's removal.  Following this period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Department must rebut this showing.  *Id.*

Respondent contends that Kovalev has not met his burden under *Zadvydas*.  The Court agrees that at this juncture he has not done so.  Kovalev's only argument is that his release has not occurred within the "six months period required by the Supreme Court" (Doc. #1 at 8).  That is an insufficient showing to establish that his removal is not likely in the reasonably foreseeable future.  Indeed, the record reflects the continued efforts by both Kovalev and the Department in attempting to obtain the travel documents, and the assurance by the Russian Consulate that the matter should be resolved quickly.  The Supreme Court made clear in *Zadvydas* that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. It is Kovalev's burden to furnish the Court with evidence of such a determination.  On this record, the Court finds that he has not sustained his burden.

**IT IS THEREFORE RECOMMENDED** that Alexey Kovalev's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of January, 2008.

_____
David K. Duncan
United States Magistrate Judge